**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

**MARGARET A. POWELL**

      **Plaintiff,**

                                      **Civil Action 2:12-cv-746**

    **v.**                               **Judge Michael H. Watson**

                                        **Magistrate Judge Elizabeth P. Deavers**

**COMMISSIONER OF SOCIAL SECURITY,**

      **Defendant.**

<u>**REPORT AND RECOMMENDATION**</u>

This matter is before the Court for consideration of Plaintiff's Motion for Award of Attorney Fees and Costs Pursuant to the Equal Access to Justice Act (ECF No. 18), Defendant's Response in Opposition (ECF No. 19), and Plaintiff's Reply (ECF No. 20). For the reasons that follow, it is **RECOMMENDED** that Plaintiff's Motion be **GRANTED**. It is further **RECOMMENDED** that the Court **AWARD** Plaintiff attorney's fees in the amount of **$3,645.**

**I.**

Plaintiff filed this action on August 17, 2012, seeking review of an adverse decision of the Commissioner of Social Security ("Commissioner"). (ECF No. 1.) On January 29, 2013, the parties jointly filed a Stipulation of Remand, expressing their agreement that the Administrative Law Judge had failed to evaluate the severity of Plaintiff's alleged mental impairments and address a number of psychological opinions within the record. (ECF No. 15.) Based upon the parties' representations, the Court remanded this case to the Commissioner and directed the clerk to enter judgment in Plaintiff's favor. (ECF No. 16.) On February 13, 2013, Plaintiff filed the

instant Motion seeking an award of attorney's fees under the Equal Access to Justice Act ("EAJA").

## II.

Plaintiff seeks an award of attorney's fees for twenty and one-fourth (20.25) hours that her counsel worked on this case before this Court. The EAJA provides as follows:

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort),including proceedings for judicial review of agency action, brought by or against the United States in a ny court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A). Accordingly, a party will generally be entitled to attorney's fees under the EAJA when he or she is the prevailing party and the government's position was not substantially justified. *See Townsend v. Soc. Sec. Admin.*, 486 F.3d 127, 129–30 (6th Cir. 2007) (outlining requirements under the EAJA). The Commissioner "bears the burden of demonstrating that its position was substantially justified." *Pickering v. Mukasey*, 306 F. App'x. 246, 247 (6th Cir. 2009).

The EAJA limits recovery of attorney's fees to $125 per hour unless the court concludes that the circumstances justify a higher rate:

> The amount of fees awarded . . . shall be based upon prevailing market rates for the kind and quality of the services furnished, except that . . . attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special f actor, such as the lim ited availability of qualified attorneys for the proceedings involved, justifies a higher fee.

28 U.S.C. § 2412(d)(2)(A). In analyzing the EAJA, the United States Court of Appeals for the Sixth Circuit has emphasized that the "statutory rate is a ceiling and not a floor." *Chipman v.*

*Sec'y of Health & Hum. Servs.*, 781 F.2d 545, 547 (6th Cir. 1986).  Furthermore, "[i]n requesting an increase in the hourly-fee rate, Plaintiffs bear the burden of producing appropriate evidence to support the requested increase."  *Bryant v. Comm'r of Soc. Sec.*, 578 F.3d 443, 450 (6th Cir. 2009).  Accordingly, the Sixth Circuit has held that "Plaintiffs must 'produce satisfactory evidence—in addition to the attorney's own affidavits—that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation.'"  *Id.* (quoting  *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984)).

In determining the appropriate rate, the Court may allow for a cost of living adjustment to justify an award in excess of $125 per hour.  *See Begley v. Sec'y of Health & Hum. Servs.*, 966 F.2d 196, 199 (6th Cir. 1992).  The determination of whether a cost of living increase justifies a fee in excess of the $125 rate is left to the Court's discretion.  *Id.*  It is not sufficient, however, that a party submit only the Department of Labor's Consumer Price Index and argue that inflation justifies an increase in fees.  *Bryant*, 578 F.3d at 450.

### III.

Plaintiff seeks an award of attorney's fees in the amount of $3,645 for twenty and one-fourth (20.25) hours that her counsel worked on this case before this Court.  (Pl.'s Mot. 5, ECF No. 18.)  The Commissioner does not contend that his position was substantially justified or that Plaintiff was not the prevailing party within the meaning of the EAJA.  Nor does she contest the reasonableness of the number of hours Plaintiff's counsel worked on this case.  The Commissioner's sole objection relates to the reasonableness of the hourly rate Plaintiff seeks to recover.  (Def.'s Opp. 3–7, ECF No. 19.)  Specifically, the Commissioner argues that the

requested hourly rate Plaintiff seeks, which calculates to a rate of $180 per hour, is excessive. (*Id.*)

The Undersigned concludes that Plaintiff has produced satisfactory evidence that her counsel's requested rate comports with prevailing rates in the community. *Bryant*, 578 F.3d at 450.  Plaintiff has provided an affidavit of her counsel, which reflects that his normal billing rate is $200 per hour.  (Farrell Aff. ¶ 6, ECF No. 18-2.)  Plaintiff also submitted an affidavit of Gary J. Pandora, an experienced Columbus attorney practicing in the area of social security, in which Mr. Pandora asserts that fees up to $200 to $225 per hour are "in line with prevailing rates in Ohio for the same type of services provided by lawyers of reasonably comparable skill, experience and reputation" as Plaintiff's counsel.  (Pandora Aff. 2, ECF No. 18-4.)  Plaintiff also submitted a copy of the Department of Labor's Consumer Price Index demonstrating an increase in the cost of living.  (ECF No. 18-3.)  Additionally, Plaintiff has submitted excerpts from a study the Ohio State Bar Association sponsored concerning attorney hourly billing rates in 2010. (*See* ECF No. 18-5.)  The study reflects that the 2010 mean billing rate in the Downtown Columbus area, which is where Plaintiff's counsel practices, was $266 per hour.  (*Id.*)  The study also shows that the 2010 mean billing rate for firms in Ohio with three to five attorneys, which is the size of Plaintiff's counsel's firm, was $210 per hour, and the 2010 mean billing rate in Ohio for attorneys with more than twenty-five years experience in practice was $229 per hour.  (*Id.*) The Undersigned finds that the foregoing evidence sufficiently supports Plaintiff's counsel's requested rate increase.

Plaintiff requests that the fees be paid directly to her attorney; Defendant requests that any award be paid directly to Plaintiff.  In *Astrue v. Ratliff*, --- U.S. ----, 130 S.Ct. 2521 (2010), a

social security case considering the Commissioner's payment of attorney's fees under the EAJA, the Supreme Court held that "a § 2412(d) fees award is payable to the litigant and is therefore subject to a Government offset to satisfy pre-existing debt that the litigant owes the United States." *Ratliff*, 130 S.Ct. at 2524.  The *Ratliff* Court noted that "the Government has since continued the direct payment practice only in cases where the plaintiff does not owe a debt to the [G]overnment and assigns the right to receive the fees to the attorney." *Id.* at 2529.

Here, the Court is unaware of whether Plaintiff owes a debt to the United States.  Thus, the Undersigned finds that under *Ratliff*, the proper course is to award fees directly to Plaintiff and remain silent as to the direction of those fees.  *See Simpson v. Astrue*, No. 3:09-cv-143, 2010 WL 5088128, at *5 (S.D. Ohio Nov. 17, 2010) (Merz, M.J., Report and Recommendation subsequently adopted) (quoting *Preston v. Astrue*, No. 3:08-cv-991, 2010 WL 3522156, at *2 (M.D. Fla. Sept. 8, 2010) ("Because it is not known in the present case whether or not Plaintiff owes a debt to the United States, '[i]n light of *Ratliff*, . . . it [is] a better practice to simply award the EAJA fees directly to Plaintiff as the prevailing party and remain silent regarding the direction of payment of those fees.  It is not the duty of the Court to determine whether Plaintiff owes a debt to the government that may be satisfied, in whole or in part, from the EAJA fees award.'").  The Undersigned notes, however, that if Plaintiff does not owe such a debt to the United States, the Government should honor an assignment of Plaintiff's of EAJA fees to her counsel.  *See Ratliff*, 130 S.Ct. at 2530 (Sotomayor, J., concurring) ("[T]he litigant's obligation to pay her attorney is controlled not by the EAJA but by contract and the law governing that contract."); *Bishop v. Astrue*, No. 3:08CV00375, 2010 WL 4279185, at *4 (S.D. Ohio Sept. 29, 2010) (Ovington, M.J., Report and Recommendation subsequently adopted) ("The Government

5

retains the discretion and authority to determine whether Plaintiff owes a debt to it . . . .   If no such unpaid debt exists, or if the EAJA fees remain after a government offset, there appears no reason on the present record for the Government not to honor Plaintiff's assignment . . . .").

## IV.

In sum, Plaintiff has provided satisfactory evidence to support her counsel's requested rate of approximately $180.00 per hour.  It is, therefore, **RECOMMENDED** that the Court **GRANT** Plaintiff's Motion for an Award of Attorney's Fees and **AWARD** Plaintiff attorneys' fees under the Equal Access to Justice Act, 28 U.S.C. § 2412, in the amount of **$3,645**.  (ECF No. 18.)  It is further **RECOMMENDED** that the Court issue no order regarding the direction such fees must be paid.

## PROCEDURE ON OBJECTIONS

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court.  *See, e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district

court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation). Even when timely objections are filed, appellate review of issues not raised in those objections is waived. *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted)).

Date:   March 28, 2013                              /s/ *Elizabeth A. Preston Deavers*
                                                    Elizabeth A. Preston Deavers
                                                    United States Magistrate Judge